Filed 11/10/22  P. v. Benavidez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095890 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF02505) |
| v. | |
| JAIME ENRIQUE BENAVIDEZ, | |
| Defendant and Appellant. | |

In December 2021, defendant Jaime Enrique Benavidez pled no contest to driving under the influence resulting in injury and admitted he personally caused great bodily injury as a result of his criminal conduct.  The trial court sentenced defendant to an aggregate term of five years in state prison, including the middle term of two years for his driving under the influence conviction.  Defendant appeals.  On appeal, defendant contends Penal Code section 1170, subdivision (b)(6) required the trial court to impose

1

the low term on his driving under the influence conviction.[1]  We disagree and affirm the judgment.

## I.  BACKGROUND

In June 2021, the People charged defendant with hit-and-run driving resulting in injury to another person (Veh. Code, § 20001, subd. (b)(2)—count 1), gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)—count 2), driving under the influence of alcohol resulting in injury (Veh. Code, § 23153, subd. (a)—count 3), and driving with .08 percent blood alcohol content or more causing injury (Veh. Code, § 23153, subd. (b)—count 4).  Relative to counts 3 and 4, the People also alleged defendant personally inflicted great bodily injury in violation of section 12022.7, subdivision (a).

Defendant subsequently pled no contest to driving under the influence and causing injury (count 3) and admitted that he personally inflicted great bodily injury as a result of his criminal conduct.  In exchange for his plea, the remaining charges and enhancement allegations were dismissed with a *Harvey*[2] waiver.  At sentencing, defense counsel asked the court "to consider the changes in [section] 1170 of the Penal Code.  [Defendant]'s under 26 and he's suffered psychologically and childhood trauma.  There is no doubt."

After hearing from counsel, the court ruled:  "I have reviewed California Rules of Court[, rules] 4.421 and 4.423[,] and I do not find that aggravating circumstances outweigh the mitigating circumstances.  I do recognize that there are two separate prongs of [section] 1170[, subdivision] (b)(6) that appear to be present.  That is that the Defendant has experienced psychological, physical, or childhood trauma, including, but not limited to abuse, neglect, exploitation or sexual violence.  Also, that the Defendant is a youth or was a youth as defined under [section] 1016.7[, subdivision ](b) at the time of

---

[1]  Further undesignated statutory references are to the Penal Code.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

2

the commission of the offense and that they were 26 years of age or younger at the time of the commission of this offense.

"The Court took into account these two factors. And because of the existence of those two factors, under [section] 1170[, subdivision] (b)(6), I have to consider imposition of a lower term. However, the Court finds here that its imposition of [the] lower term would not be in the interest of justice because there are aggravating factors present that warrant the imposition of a middle term.

"As such, the Court hereby imposes the middle term in custody due to the following factors:

"In aggravation, Defendant engaged in conduct that indicates a serious danger to society. In mitigation the Court disagrees that the Defendant resolved this matter at an early stage as recited by Defense counsel in his moving papers. . . .

"In mitigation, the Court does find that the Defendant has no prior record. And as such, the middle term is imposed."

The court further explained: "Defense counsel has requested that I strike that [section] 12022.7[, subdivision ](a) enhancement and I have considered that.

"It is mandated that . . . the Court shall dismiss an enhancement if it is in the furtherance of justice to do so. In exercising its discretion, the court shall consider and afford great weight to evidence of specified mitigating circumstances. Existence of any of the factors weigh in favor of dismissing unless to do so would endanger public safety or would be likely to result in physical injury or serious -- other serious danger.

"I will note that the Defendant chose to drive with a blood-alcohol level of .17 and chose to flee the scene after the accident, causing citizens to have to hold him down until he was arrested by law enforcement.

"I do not find that the current offense is connected to prior victimization or childhood trauma. There is no evidence to show that it was substantially contributing to the involvement in this specific crime. Therefore, the Court declines to strike the

3

[section] 12022.7[, subdivision ](a) enhancement, as to do so would endanger other's safety."

The court sentenced defendant to an aggregate term of five years in state prison: the middle term of two years for driving under the influence resulting in injury, and three years for personally inflicting great bodily injury. Defendant appeals from his sentence.

## II. DISCUSSION

On appeal, defendant contends the trial court was required to sentence him to the low term of 16 months for driving under the influence, because the court found he was a youthful offender and also found the aggravating circumstances did not outweigh those in mitigation. Defendant misunderstands the trial court's ruling.

As an initial matter, the People contend defendant forfeited his claim on appeal by not raising "these same specific objections" at sentencing. We disagree. At sentencing, defense counsel argued specifically that the court should consider defendant's young age and trauma in light of recent amendments to section 1170. This was sufficient to preserve the claim for appeal. The claim nevertheless fails.

Amended section 1170, subdivision (b)(6) provides in relevant part that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if . . . [¶] . . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of [s]ection 1016.7, at the time of the commission of the offense."

Here, as relevant to the appeal, the trial court found defendant to be a "youth" at the time of his offense.[3] As a result of his age, the court acknowledged it was required to

---

[3] The court also found defendant suffered childhood trauma but concluded that trauma did not contribute the crimes committed. Defendant thus does not argue this is a basis for imposition of the low term.

4

impose the low term unless it would be "contrary to the interests of justice." (§ 1170, subd. (b)(6).) After considering the aggravating and mitigating factors, the court concluded imposition of the low term would be contrary to the interests of justice because defendant "engaged in conduct that indicates a serious danger to society." However, because defendant had no prior record, the court also concluded the middle term was appropriate, not the aggravated term.

In short, the court considered each of the relevant factors, then exercised its discretion to impose the middle term. We find no error.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

KRAUSE, J.

5